# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In the matter of the Application of

SECURITIES AMERICA, INC.,

                Petitioner,

For Vacatur of an Arbitration
Award of the Arbitrators of FINRA, against:

MATTHEW SMITH,

                Respondent.

------------------------------------------------------------x

Docket No. 1:24-cv-00126 (AMN)

**VERIFIED PETITION TO VACATE AN ARBITRATION AWARD**

Petitioner SECURITIES AMERICA, INC. ("Petitioner" or "Securities America"), by and through its attorneys, FAEGRE DRINKER BIDDLE & REATH LLP, brings this Petition to Vacate an Arbitration Award pursuant to Section 10(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), and requests that this Court issue an Order granting its Petition to Vacate an Arbitration Award and entering judgment in its favor on the arbitration award specified below. In support thereof, Petitioner states as follows:

## PARTIES

1.  Securities America is a corporation that is incorporated in Delaware and has its principal place of business at 12325 Port Grace Blvd., La Vista, Nevada 68128. Securities America is a broker-dealer and a member of the Financial Industry Regulatory Authority ("FINRA").

2.  Upon information and belief, Respondent Matthew Smith ("Respondent" or "Smith") is an individual who resides in Waterford, New York and is a citizen of New York.

Respondent was formerly a broker licensed with FINRA (a "registered representative") who was associated with Securities America at that time.  He is currently unregistered.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Petitioner and Respondent and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.    Venue is proper in this judicial district pursuant to Section 10(a) of the FAA which provides that venue is proper in "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party." Here, the Arbitration Award at issue before this Court was entered in the arbitration entitled <u>Matthew Smith</u> <u>v. Securities America, Inc., George McAvoy, Richard Tomisman, William Selig, and CP Capital</u> <u>Management, LLC</u>, FINRA Dispute Resolution Case No. 22-02428 (the "Arbitration"), following an in-person arbitration hearing conducted by Public Arbitrator Stuart Eliot Finer, sitting as Chair, and Non-Public Arbitrator Martin John Satalin (collectively, the "Arbitrators" or the "Panel") in Albany, New York.

5.    Pursuant to 9 U.S.C. § 12, Petitioner has brought this action within three months after the Award was served on Securities America on December 27, 2023

## THE FINRA ARBITRATION AND FINRA AWARD

6.    On October 21, 2022, Smith filed an arbitration proceeding with FINRA Dispute Resolution Services against Securities America, alleging claims for unjust enrichment, wrongful termination, and tortious interference with contractual relationships.

7.      Smith's Statement of Claim also included allegations of fraud, fraud in the factum, unjust enrichment, and quantum meruit against George McAvoy, Richard Tomisman, William Selig, and CP Capital Management, LLC ("the CP Capital Respondents"), who were also parties to the arbitration proceeding below.

8.      In its Answer, Securities America denied Smith's allegations and requested Smith's claims against it be dismissed in their entirety.

9.      The matter went to hearing before a two-person FINRA panel on December 4, 5, and 6, 2023.

10.     Public Arbitrator Stuart Eliot Finer and Non-Public Arbitrator Martin John Satalin conducted the arbitration in Albany, New York.

11.     The parties agreed to proceed with two arbitrators after the third arbitrator was not available for the in-person hearing dates.

12.     As part of FINRA Dispute Resolution Services, arbitrators are required to make disclosures. Specifically, 'Each potential arbitrator must make a reasonable effort to learn of, and must disclose to the Director, any circumstances which might preclude the arbitrator from rendering an objective and impartial determination in the proceeding, …" and     "(b)      The obligation to disclose interests, relationships, or circumstances that might preclude an arbitrator from rendering an objective and impartial determination described in paragraph (a) is a continuing duty that requires an arbitrator who accepts appointment to an arbitration proceeding to disclose, at any stage of the proceeding, any such interests, relationships, or circumstances that arise, or are recalled or discovered."  FINRA Rule 12405(b).

13.     On January 21, 2023, Arbitrator Finer submitted an oath for this case. A true and correct copy of Arbitrator Finer's Oath is attached as Exhibit "U" to the Declaration of Sandra D. Grannum ("Grannum Declaration") filed in support of this Petition.

14.     As part of his oath, Arbitrator Finer was to review the Temporary and Permanent Arbitrator Disqualification Criteria, the Arbitrator Disclosure Checklist, and his Arbitrator Disclosure Report.

15.     Arbitrator Finer identified several conflicts, but he did not disclose any conflicts with any of the parties to the underlying Arbitration.

16.     Prior to and throughout the arbitration hearing, Arbitrator Finer made no relevant additional disclosures.

17.     The Arbitrators rendered an award in favor of Smith on December 26, 2023.

18.     The Arbitration Award provides that Securities America is liable to pay Smith the sum of $95,800.00 in compensatory damages.

19.     FINRA Rule 12405(b) provides that "[t]he obligation to disclose interests, relationships, or circumstances that might preclude an arbitrator from rendering an objective and impartial determination . . . is a continuing duty that requires an arbitrator who accepts appointment to an arbitration proceeding to disclose, at any stage of the proceeding, any such interests, relationships, or circumstances that arise, or are recalled or discovered."

20.     Sometime after issuing the Arbitration Award, Arbitrator Finer added Securities America as a conflicted party due to merger/acquisition. A true and correct copy of Arbitrator Finer's post-hearing FINRA Disclosure is attached as Exhibit "X" to the Grannum Declaration.

21.     Petitioner moves to vacate the Arbitration Award entered in the Arbitration. A true and correct copy of the Arbitration Award is attached as Exhibit "B" to the Grannum Declaration.

22.     The Arbitration Award is dated December 26, 2023, and was served on Securities America on December 27, 2023.

## THE UNDERLYING FACTS

23.     Smith was a broker licensed by FINRA to sell securities and licensed by State Insurance Divisions to sell insurance products.

24.     To be permitted to sell securities to the public, Smith had to be associated with a FINRA Member (a broker-dealer) who would supervise his interactions with the public and pay him any compensation, commissions, or income for his securities transactions.

25.     Securities America is a broker-dealer and a FINRA Member.

26.     From August 14, 2018, to March 1, 2022, Smith was associated with Securities America as an independent contractor.

27.     Smith and Securities America entered into a Representative Agreement on August 14, 2018. A true and correct copy of the Representative Agreement is attached as Exhibit "H" to the Grannum Declaration.

28.     Pursuant to the Representative Agreement, Smith agreed to comply with all applicable laws and regulations of federal and state governmental and regulatory agencies, including FINRA.

29.     The Representative Agreement also provides that Securities America could terminate the Representative Agreement immediately and without notice for cause.

30.    "For cause" under the Representative Agreement included "violation of any law, regulation or rule of SEC, FINRA or any other applicable federal or state laws or regulations."

31.    FINRA began investigating Smith after receiving a regulatory tip in 2020 that Smith, among other things, engaged in structuring cash withdrawal transactions, and FINRA requested his testimony pursuant to FINRA Rule 8210.

32.    FINRA Rule 8210(a) provides that FINRA staff may "require a . . . person subject to FINRA's jurisdiction . . . to testify at a location specified by FINRA staff, under oath or affirmation administered by a court reporter or a notary public if requested, with respect to any matter involved in the investigation."

33.    Again, on January 18, 2022, FINRA sent a request for Smith's testimony to Smith's counsel, via certified mail and email.

34.    FINRA scheduled Smith's testimony to be taken remotely, on the record, for February 8, 2022.

35.    In advance of Smith's testimony, FINRA also requested documents due from Smith on January 31, 2022, and a background questionnaire due February 2, 2022.

36.    On January 24, 2022, a person at the address of Smith's counsel signed the certified mail receipt and returned the certified mail receipt to FINRA.

37.    The day before the scheduled testimony, Smith's counsel emailed FINRA, acknowledging receipt of the request and stating that Smith would not appear for his on-the-record testimony on February 8, 2022.

38.    Smith did not request that his testimony on February 8, 2022, be rescheduled for a different date, and the testimony date was not rescheduled.

39.    Smith did not appear for his on-the-record testimony on February 8, 2022.

40.    Smith did not respond to the document request due January 31, 2022.

41.    Smith did not respond to the background questionnaire due February 2, 2022.

42.    On February 8, 2022, Securities America wrote to Smith and his attorney, requesting that he respond to Securities America with a full and detailed response by February 28, 2022, stating: "Failure to respond to us as of that date will result in our terminating your registration with Securities America for cause (failure to cooperate with a FINRA 8210 request for information)."

43.    Securities America also learned that Smith's insurance license lapsed on February 21, 2022.

44.    Smith did not respond to the letter from Securities America.

45.    Having heard nothing, Securities America terminated Smith's Representative Agreement and registration with it on March 1, 2022.

46.    FINRA then sent Smith a new notice for his on-the-record testimony for March 7, 2022, which Smith also ignored.

47.    Specifically, on February 24, 2022, FINRA staff sent a letter to Smith's counsel, via certified mail and email, scheduling Smith's testimony to be taken remotely, on-the-record, for March 7, 2022.

48.    On March 2, 2022, a person at the address of Smith's counsel signed the certified mail receipt and returned it to FINRA.

49.    On March 4, 2022, Smith's counsel sent an email to FINRA acknowledging receipt of the request and stating that Smith would not appear for his on-the-record testimony on March 7, 2022.

50.    Again, Smith did not request that the testimony on March 7, 2022, be rescheduled for a different date, and the testimony date was not rescheduled.

51.    Thus, Smith failed to appear for his on-the record testimony two times in February and March 2022.

52.    Subsequently, on March 22, 2022, Securities America filed a Uniform Termination Notice for Securities Industry Registration ("Form U5"), disclosing that Smith had been discharged on March 1, 2022, for his "Failure to respond to Supervision and Compliance requests relating to a FINRA inquiry."

53.    As a result of Smith's failure to appear for his on-the-record testimony, FINRA found that Smith violated FINRA Rules 8210 and 2010 and filed a disciplinary proceeding against him. A true and correct copy of the FINRA Complaint is attached as Exhibit "I" to the Grannum Declaration.

54.    FINRA Rule 8210(c) provides that "[n]o member or person shall fail to provide . . . testimony . . . pursuant to this Rule."

55.    Conduct that violates FINRA Rule 8210 also violates FINRA Rule 2010, which requires persons associated with a FINRA member to "observe high standards of commercial honor and just and equitable principles of trade."

56.    On March 15, 2022, FINRA sent a letter to Smith's counsel confirming its intention to recommend disciplinary action against Smith.

57.    FINRA offered Smith the opportunity to file a "Wells" submission indicating why action should not be brought for some or all the proposed alleged violations by April 5, 2022.

58.    Again, Smith ignored FINRA's request.

59.    As a result of Smith's violation of FINRA Rules 8210 and 2010, the FINRA Department of Enforcement filed a disciplinary proceeding against Smith on May 13, 2022, asserting that Smith's violations prevented FINRA from investigating whether Smith structured certain cash withdrawal transactions.

60.    FINRA Rule 2040 provides that no member shall "directly or indirectly, pay any compensation, fees, concessions, discounts, commissions or other allowances to . . . any person that is not registered as a broker-dealer under Section 15(a) of the Exchange Act but, by reason of receipt of any such payments and the activities related thereto, is required to be so registered under applicable federal securities law and SEC rules and regulations."

61.    At the time of FINRA's Complaint, Smith was no longer registered or associated with Securities America or any other FINRA member.

62.    Thus, FINRA Rule 2040 prohibited Securities America from providing Smith any compensation, commissions, or income for investment-related transactions.

**COUNT ONE**
**(Vacatur of Arbitration Award under**
**the Federal Arbitration Act)**

63.    Securities America repeats and realleges paragraphs 1 through 62 hereof, as if fully set forth within.

64.    The Federal Arbitration Act, 9 U.S.C. § 10(a), permits the district court to make an order vacating an arbitration award upon the application of any party:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

65.     The first ground for vacatur is the fact that the Arbitrators exceeded their powers by awarding damages on a claim when FINRA Rules bar Securities America from compensating Smith.

66.     Smith had permitted his insurance to lapse in February 2022, and thereafter could not buy and sell variable annuities.  Nor could Securities America compensate him for any commissions earned.

67.     In addition, upon Securities America's termination of Smith's contract, his license to sell securities lapsed because he was no longer registered with any broker-dealer.  Securities America could not compensate him for any commissions earned on accounts or clients within his so-called "book of business." Therefore, any alleged damages in withheld compensation or commissions allocated against Securities America disregarded the law.

68.     Securities America would have violated the law had it directed any proceeds to Smith. See FINRA Rule 2040(a).

69.     Since the law precluded any compensation to Smith in connection with any investment activities, Securities America could not be liable for any damages. Accordingly, the Award must be vacated.

70.     The second ground for vacatur is the fact that the Arbitrators exceeded their powers by ignoring the black letter law demonstrating that Smith was properly terminated for cause. There was no basis to award any damages for alleged "wrongful termination" or tortious interference. Smith's for-cause termination was based on his failure to comply with FINRA's 8210 investigation.

71.     Smith was warned he would be terminated for cause if he failed to comply with Securities America's request for an explanation, and Smith ignored Securities America's efforts. Accordingly, the Award must be vacated.

72.     The third ground for vacatur is the fact that the Arbitrators exceeded their powers when the Chair disclosed—for the first time—that he had a conflict with Securities America after issuing the Arbitration Award.

73.     The Chair is required under FINRA rules to make such disclosures under oath and provide updates as to any potential conflicts at any time before entry of an award. At no point throughout the entire proceedings—from appointment or through the hearings—did Arbitrator Finer disclose a conflict with a party, i.e., Securities America.

74.     It was only *after* the FINRA Award was entered that Arbitrator Finer's conflict with Securities America was disclosed and uncovered.

75.     Securities America was deprived of the opportunity to investigate or inquire about the conflict or elect not to proceed or confirm the composition of the Arbitration Panel. Accordingly, the Award must be vacated.

76.     The Arbitration Award has not been vacated or modified upon any ground specified in the Federal Arbitration Act, 9 U.S.C. §§ 10 and 11.

77.    No prior application for the relief sought herein has been made to this or any other Court.

78.    A Motion to Vacate and a Memorandum of Law in support of that Motion accompanies this Petition.

**WHEREFORE**, Petitioner respectfully requests that this Court:

A.  Issue an order pursuant to 9 U.S.C. § 10(a) vacating the arbitration award, attached to the Affidavit of Sandra D. Grannum ("Grannum Affidavit") filed in support of this Petition as Exhibit "B," entered by Public Arbitrator Stuart Eliot Finer and Non-Public Arbitrator Martin John Satalin in the arbitration entitled <u>Matthew Smith v. Securities America, Inc., George McAvoy, Richard Tomisman, William Selig, and CP Capital Management, LLC</u>, FINRA Dispute Resolution Case No. 22-02428, dated December 26, 2023,

B.  Find that Petitioner has no liability to Respondent; and

C.  Award the Petitioner such other and further relief as this Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Dated: January 26, 2024

/s/ Sandra D. Grannum
Sandra D. Grannum, Esq.
Attorney Bar Number 2107423
Attorney for Petitioner
Faegre Drinker Biddle & Reath LLP
1177 6th Avenue, 41st Floor
New York, New York 10036
Phone: (212) 248-3140
Fax: (212) 248-3141
sandra.grannum@faegredrinker.com

## CERTIFICATE OF SERVICE

Pursuant to Local Rules of Practice for the U.S. District Court for the Northern District of New York Rule 5.1(a), I hereby certify that this document was filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all registered participants. Paper copies will be sent via to those indicated as non-registered participants.

*/s/ Sandra D. Grannum*

Dated: January 26, 2024

14

## VERIFICATION

GREGORY CURLEY states: I am counsel and an authorized officer for Securities America, Inc., the Petitioner in this action. I declare under penalty of perjury that the foregoing Petition is true and correct to the best of my knowledge, except as to matters therein stated on information and belief and as to those matters, I believe it to be true; that the grounds of my belief as to all matters not stated upon my knowledge are correspondence or other writings kept in the normal course of business by Securities America.

Executed on this ___ day of January, 2024.

_____