# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

SECURITIES AMERICA, INC.,

                Petitioner,

v.                                                                                                     1:24-cv-00126 (AMN)

MATTHEW SMITH,

                Respondent.

---

MATTHEW SMITH,

                Counter Petitioner,

v.

SECURITIES AMERICA, INC.
WILLIAM SELIG, RICHARD
TOMISMAN, AND GEORGE MCAVOY,

                Counter Respondents.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FAEGRE DRINKER BIDDLE & REATH LLP**<br>600 Campus Drive<br>Florham Park, New Jersey 07932<br>*Attorneys for Petitioner and Counter Respondent* | SANDRA D. GRANNUM, ESQ. |
| **FEATHERSTONHAUGH, CLYNE & MCCARDLE, LLP**<br>111 Washington Avenue – Suite 501<br>Albany, New York 12210<br>*Attorneys for Respondent and Counter Petitioner* | JONATHAN S. MCCARDLE, ESQ. |
| **KAUFMAN & COMPANY, PLLC**<br>1001 Lakeside Avenue – Suite 1710<br>Cleveland, Ohio 44114<br>*Attorneys for Counter Respondents Selig, Tomisman, and McAvoy* | CHAD COOPER, ESQ. |

**Hon. Anne M. Nardacci, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

On January 26, 2024, Securities America, Inc. ("Petitioner"), commenced this action against Matthew Smith ("Respondent") to vacate an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10.  Dkt. Nos. 1–2 ("Motion to Vacate").   On March 20, 2024, non-parties William Selig, Richard Tomisman, and George McAvoy (each an "Additional Petitioner" and, collectively, the "Additional Petitioners") moved to join the action as additional petitioners pursuant to Rule 20 of the Federal Rules of Civil Procedure.  Dkt. No. 11 ("Motion to Join").  On April 1, 2024, Respondent sought to confirm the arbitration award pursuant to the FAA, 9 U.S.C. § 9.  Dkt. No. 13 ("Motion to Confirm").

All three motions are presently before the Court.  As to the Motion to Vacate, Respondent filed responsive papers in opposition, *see* Dkt. Nos. 7–8; Petitioner filed a reply in further support, *see* Dkt. No. 9; and Additional Petitioners have joined Petitioner's arguments, *see* Dkt. No. 11.  As to the Motion to Join, Petitioner did not object, *see* Dkt. No. 24 at 4; Respondent filed responsive papers in opposition, *see* Dkt. No. 13-2; and Additional Petitioners filed a reply in further support, *see* Dkt. No. 19.  As to the Motion to Confirm, Petitioner and Additional Petitioners both filed responsive papers in opposition, *see* Dkt. Nos. 19, 24–25, 27, and Respondent filed a reply in further support, *see* Dkt. No. 26.[1]

For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction.

---

[1] To the extent the reply and sur-reply are appropriately before the Court pursuant to Local Rule 7.1, they have been considered.  N.D.N.Y. L.R. 7.1(c) & 7.1(a)(1).

## II. BACKGROUND[2]

### A. The Parties

Petitioner is a broker-dealer and a member of the Financial Industry Regulatory Authority ("FINRA"). Dkt. No. 1 at ¶ 1; Dkt. No. 13-1 at ¶ 2. Petitioner is a corporation incorporated in Delaware and with its principal place of business in La Vista, Nevada. Dkt. No. 1 at ¶ 1; Dkt. No. 13-1 at ¶ 2.

Respondent was previously a broker licensed with FINRA who sold financial products (a "registered representative") and was associated with Petitioner for a period of time. Dkt. No. 1 at ¶ 2; Dkt. No. 13-1 at ¶ 1. Respondent is a citizen of New York State. Dkt. No. 1 at ¶ 2; Dkt. No. 13-1 at ¶ 1.

Additional Petitioners are also registered representatives associated with Petitioner. Dkt. No. 13-1 at ¶¶ 3–7; Dkt. No. 11 at 3. Additional Petitioners are also citizens of New York State. Dkt. No. 2-8 at 2, ¶ 13; Dkt. No. 13-1 at ¶ 4; Dkt. No. 7-15 at 5.

### B. The Arbitration

#### 1. Arbitration Agreement

Pursuant to a contract between Respondent and Petitioner (the "Representative Agreement"), Respondent agreed "that in connection with any dispute or controversy whatsoever between myself and [Petitioner], or between myself and any other [registered] Representative of [Petitioner], I will submit such dispute to binding arbitration pursuant to the Rules of FINRA and its Code of Arbitration Procedures." Dkt. No. 2-10 at 4. Additional Petitioners each had contracts with Petitioner containing the same language. Dkt. No. 7-49 at 39, 49, 68.

---

[2] Unless otherwise indicated, the following facts have been asserted by the parties in their petitions, answers, or other submissions. *See generally* Dkt. Nos. 1–2, 7–9, 11, 13, 19, 24–26.

**2. Arbitration Proceedings**

On October 21, 2022, Respondent initiated an arbitration through FINRA against Petitioner and Additional Petitioners (the "FINRA Arbitration"). Dkt. No. 1 at ¶¶ 6–7; *see also Matthew Smith v. Securities America, Inc., George McAvoy, Richard Tomisman, William Selig, and CP Capital Management, LLC,* FINRA Dispute Resolution Case No. 22-02428.[3] Respondent asserted claims against Petitioner for wrongful termination, unjust enrichment, and tortious interference with contractual relationships, *see* Dkt. No. 1 at ¶ 6; Dkt. No. 7-1 at 6, and claims against Additional Petitioners for fraud, fraud in the factum, unjust enrichment, and quantum meruit, *see* Dkt. No. 1 at ¶ 7. Petitioners and Additional Petitioners denied Respondent's claims and raised affirmative defenses. Dkt. No. 2-4 at 3. Additional Petitioners also asserted claims for breach of fiduciary duty and breach of contribution agreement against Respondent. *Id.*

The core of the dispute appears to have centered on the propriety of (i) Respondent's removal (while experiencing serious mental health issues) from certain business relationships with Petitioner and Additional Petitioners, and (ii) the subsequent allocation of revenue that had been generated in connection with those business relationships. Dkt. No. 1 at ¶¶ 23–62; Dkt. No. 13-1 at ¶¶ 12–20.

Petitioner, Respondent, and Additional Petitioners all agreed to proceed with the FINRA Arbitration, and all were represented by counsel. Dkt. No. 2-4 at 2–3. In December 2023, a two-person panel conducted a three-day in-person arbitration in Albany, New York.[4] Dkt. No. 1 at

---

[3] Respondent also asserted claims against a New York limited liability company, a non-party here, of which he and certain Additional Petitioners were members. Dkt. No. 1 at ¶ 7; Dkt. No. 13 at ¶ 3.

[4] The parties agreed to proceed with the two-person panel after the third arbitrator was not available for the in-person hearing dates. Dkt. No. 1 at ¶ 11.

¶¶ 9–10.

### 3. Arbitration Award

On December 26, 2023, the panel rendered an award in favor of Respondent ("Award").[5] Dkt. No. 1 at ¶ 17; Dkt. No. 2-4.  The panel found Petitioner and Additional Petitioners liable to Respondent for nearly $1 million in damages, apportioned as follows: (i) "[Petitioner] Securities America is liable for and shall pay to [Respondent] the sum of $95,800.00 in compensatory damages;" (ii) "[Additional Petitioner] McAvoy is liable for and shall pay to [Respondent] the sum of $517,320.00 in compensatory damages;"[6] (iii) "[Additional Petitioner] Tomisman is liable for and shall pay to [Respondent] the sum of $172,440.00 in compensatory damages;" and (iv) "[Additional Petitioner] Selig is liable for and shall pay to [Respondent] the sum of $172,440.00 in compensatory damages."  Dkt. No. 2-4 at 3–4.

## III. STANDARD OF REVIEW

The "overarching purpose" of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, "is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011); *see also Ross v. Am. Express Co.* 547 F.3d 137, 142 (2d Cir. 2008).  The FAA, however, does not confer federal jurisdiction.  *See, e.g., Badgerow v. Walters*, 596 U.S. 1, 4 (2022) ("The Act's authorization of a petition does not itself create jurisdiction."); *see also Hall Street Assocs., L.L.C. v. Mattel, Inc.*,

---

[5] Pursuant to FINRA rules, the parties did not collectively request that the panel provide an explained decision, and the Award did not do so.  Dkt. No. 13-1 at ¶ 22; Dkt. No. 25 at ¶ 22; Dkt. No. 2-4.

[6] This amount was subject to an offsetting award of $8,500, such that the net amount due from Additional Petitioner McAvoy to Respondent was $508,820.  Dkt. No. 2-4 at 4.  Solely for convenience, the Court omits this offsetting award when discussing the relative responsibility of Petitioners and Additional Petitioners.  Separate from damages, the Award also assessed certain fees to all parties.  *Id.* at 4–5.

552 U.S. 576, 581–82 (2008). "Rather, a jurisdictional basis independent of the FAA must appear on the 'face of the application itself.'" *Trustees of N.Y. State Nurses Ass'n Pension Plan v. White Oak Global Advisors, LLC*, 102 F.4th 572, 584 (2d Cir. 2024) (quoting *Badgerow*, 596 U.S. at 9). The Second Circuit has further "held that in evaluating whether the requirement of complete diversity is satisfied, a court assessing its jurisdiction over an FAA petition is to 'look[ ] only to the citizenship of the parties in the action before it' . . . as well as any indispensable parties who must be joined pursuant to Federal Rule of Civil Procedure 19." *Hermès of Paris, Inc. v. Swain*, 867 F.3d 321, 324 (2d Cir. 2017) (alteration in original) (citation omitted).

IV.  **DISCUSSION**

   A. **Motion to Join**

The Court first addresses the Motion to Join. Additional Petitioners move to join this action pursuant to Rule 20(a)(1) of the Federal Rules of Civil Procedure. Dkt. No. 11. Rule 20(a)(1) states in pertinent part that plaintiffs may join in one action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

Additional Petitioners assert that both these grounds are satisfied, because the Award "was against both" them and Petitioner; "stemmed from the same set of facts;" and their grounds for vacatur "present the same question[s] of law" and are "essentially identical" to those posited by Petitioner. Dkt. No. 11 at 4; *see also* Dkt. No. 19 at 2. Petitioner does not object to the Motion to Join. Dkt. No. 24 at 4. Respondent objects, arguing that the Motion to Join is "untimely," "does not change the obvious fact that the motion to vacate lacks merit," and that "the cross-motion to

confirm should be granted and the underlying motion to vacate should be denied, regardless of who is a participant." Dkt. No. 13-2 at 4.

### B. Rule 19 Analysis

As an initial matter, the Court determines that its joinder analysis is governed by Rule 19 (defining "Required Joinder of Parties") and not Rule 20 (defining "Permissive Joinder of Parties"), because Additional Petitioners are in fact necessary parties. *MasterCard Intern. Inc. v. Visa Intern. Serv. Ass'n, Inc.*, 471 F.3d 377, 382–83 (2d Cir. 2006) ("Because Rule 19 protects the rights of an absentee party, both trial courts and appellate courts consider this issue *sua sponte* even if it is not raised by the parties to the action.") (collecting cases); *see also Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008) (stating that a court "may also consider *sua sponte* the absence of a required person" under Rule 19) (collecting cases).

The Second Circuit has held that Rule 19

> sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party. First, the court must determine whether an absent party belongs in the suit, *i.e.*, whether the party qualifies as a "necessary" party under Rule 19(a). . . . where the court makes a threshold determination that a party is necessary under Rule 19(a), and joinder of the absent party is not feasible for jurisdictional or other reasons . . . the court must finally determine whether the party is "indispensable." If the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b).

*Viacom Intern., Inc. v. Kearney*, 212 F.3d 721, 724–25 (2d Cir. 2000) (Sotomayor, J.) (citations omitted)

### 1. Additional Petitioners Are Necessary Parties

As to step one of the joinder analysis, Rule 19(a)(1) reads in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>   (i)  as a practical matter impair or impede the person's ability to protect the interest; or
>
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Under Rule 19(a), the Court finds that Additional Petitioners are necessary parties to this action. Foremost, the Award before the Court indicates that Additional Petitioners are liable for 90% of the damages awarded to Respondent, while Petitioner is liable for the remaining 10%. Dkt. No. 2-4 at 3–4. Respondent seeks confirmation of the entire Award and, *inter alia*, interest "in pro rata and proportionate share to the assigned liability" of Petitioner and Additional Petitioners. Dkt. No. 13-1 at 8. Because Petitioner is not responsible for 90% of the damages and interest which Respondent seeks, the Court "cannot accord complete relief among the existing parties," without the presence of Additional Petitioners. Fed. R. Civ. P. 19(a)(1)(A). The Court thus finds that Additional Petitioners are necessary parties under Rule 19(a)(1)(A).

The Court also finds that Additional Petitioners are necessary parties under Rule 19(a)(1)(B). As an initial matter, Additional Petitioners have claimed an interest in this action by seeking to address the Award against them. *See* Dkt. No. 11. Confirming or vacating the Award in the absence of those liable for 90% of the damages therein would impair or impede Additional Petitioners' ability to protect their interest in the Award. Fed. R. Civ. P. 19(a)(1)(B)(i). Moreover, if the Court were to confirm the Award in the absence of Additional Petitioners, that would potentially expose Petitioner, as an existing party, "to a substantial risk of . . . otherwise inconsistent obligations because of interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

Accordingly, the Court finds that Additional Petitioners are necessary parties under all three categories of Rule 19(a) and should be joined.

### 2. Joinder of Additional Petitioners Would Destroy Diversity Jurisdiction

While Additional Petitioners are necessary parties, the Court finds that their joinder "is not feasible for jurisdictional or other reasons." *Viacom*, 212 F.3d at 725; *see also* Fed. R. Civ. P. 19(a)(1). As to personal jurisdiction, Additional Petitioners have all appeared and sought to join the Motion to Vacate, *see* Dkt. No. 11, and have also been served, through counsel, with the Motion to Confirm, *see* Dkt. No. 16.

As to subject matter jurisdiction, Petitioner asserts this Court has diversity jurisdiction, because Petitioner and Respondent are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Dkt. No. 1 at ¶ 3; *see also* 28 U.S.C. § 1332(a). Respondent asserts diversity jurisdiction for the same reasons as Petitioner. Dkt. No. 13-1 at ¶¶ 8, 11. Respondent also claims that this Court has federal question jurisdiction on the basis of unspecified provisions within the FAA. *Id.* at ¶ 8; *see also* 28 U.S.C. § 1331. Additional Petitioners do not address the Court's jurisdiction. *See* Dkt. Nos 11, 19.

As noted earlier, the FAA does not confer federal jurisdiction. *See, e.g., Badgerow*, 596 U.S. at 4; *Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019) ("[A]lthough FAA § 9 provides, in relevant part, that parties to an arbitration agreement may apply for confirmation of an arbitration award . . . subject matter jurisdiction does not exist simply because a party wishes to confirm an award."). Further, for purposes of Sections 9 and 10 of the FAA, Courts in the Second Circuit no longer "look through" the petition to the nature of the underlying arbitration to

9

determine jurisdiction.[7]  *See Trustees of N.Y. State*, 102 F.4th at 594.  Instead, a basis for jurisdiction must appear on the "face of the application itself." *Badgerow*, 596 U.S. at 9.  Here, no party argues that either the Motion to Vacate or the Motion to Confirm raises a federal question independent from the FAA.  *See* Dkt. Nos. 1–2, 13-1; *see also* Dkt. Nos. 11, 19.  Indeed, Petitioner and Respondent both assert that the FINRA Arbitration involved state law claims.  *See, e.g.,* Dkt. No. 2-1 at 18–19; Dkt. No. 9-1 at 10 & n.1; Dkt. No. 13-1 at ¶ 16.  Moreover, the Court has not identified a federal question on the face of either application.  *Malkin v. Shasha as co-Trustee of Violet Shuker Shasha Trust*, No. 21-2675, 2023 WL 3012381, at *2 (2d Cir. Apr. 20, 2023) (summary order) ("A petition to vacate or confirm an arbitration award raises a dispute about 'the enforceability of the arbitral award,' which is 'no more than a contractual resolution of the parties' dispute.'") (quoting *Badgerow*, 596 U.S. at 9) (remanding FAA action under Sections 9 and 10 to the district court with instructions to dismiss for lack of subject matter jurisdiction where underlying arbitration involved alleged violations of federal securities laws but the subsequent application did not establish federal question or diversity jurisdiction); *see also Badgerow*, 596 U.S. at 18 ("[T]hose claims may have originated in the arbitration of a federal-law dispute.  But the underlying dispute is not now at issue.  Rather, the application concerns the contractual rights provided in the arbitration agreement, generally governed by state law.  And adjudication of such state-law contractual rights—as this Court has held in addressing a non-arbitration settlement of federal claims—typically belongs in state courts.") (citations omitted).

---

[7] Pursuant to Local Rule 7.1, Petitioner requested oral argument "due to the need to help familiarize the Court with the case's facts and procedural history given the case proceeded through a hearing in an arbitration and not before this Court," Dkt. No. 2 at 2.  Because such a "look through" is unnecessary to resolve the issue before the Court, the Court declines to exercise its discretion to grant oral argument.  N.D.N.Y. L.R. 7.1(a) & 7.1(h).

With no subject matter jurisdiction provided by the FAA and no federal question presented by the applications before it, the Court turns to diversity jurisdiction.  As Petitioner and Respondent agree, this case involves "a partnership dispute among local capital region FINRA registered financial advisors."  Dkt. No. 7-1 at 6; Dkt. No. 9-1 at 4.  Indeed, Respondent and Additional Petitioners all live and work within New York's Capital Region, where the in-person arbitration also took place.  Dkt. No. 1 at ¶¶ 2, 4; Dkt. No. 13-1 at ¶¶ 1, 3–7, 14.  They are all citizens of New York.  If Additional Petitioners are joined as parties to this action, they will destroy diversity jurisdiction.  *See, e.g., Washington Nat'l Ins. Co. v. OBEX Group LLC*, 958 F.3d 126, 133 (2d Cir. 2020) ("It is axiomatic that 'diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships.'") (quoting *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001); *see also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) ("[W]e have consistently interpreted § 1332 as requiring complete diversity . . . the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

### 3. Additional Petitioners Are Indispensable Parties

Because Additional Petitioners are necessary parties under both Rule 19(a)(1)(A) and Rule 19(a)(1)(B), *see* Section IV.B.1, *supra*, but their presence would deprive the Court of subject matter jurisdiction, *see* Section IV.B.2, *supra*, the Court proceeds to analyze whether the Additional Petitioners are indispensable parties under Rule 19(b).  *Washington Nat'l Ins.*, 958 F.3d at 134–35 ("A necessary party must be joined as a party to the action unless joinder would deprive the court of subject matter jurisdiction. . . . In those circumstances, the court must assess whether 'in equity and good conscience, the action should proceed among the existing parties or should be

dismissed' by considering the factors provided in Rule 19(b).") (citations omitted).  Rule 19(b) states in pertinent part that the factors for a court to consider in making this determination include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:
    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

The Court finds that the first three of these factors weigh heavily in favor of dismissal. First, as discussed earlier, proceeding without Additional Petitioners, who are potentially liable for 90% of the damages and interest that Respondent seeks, would severely prejudice both them and Respondent, and could potentially prejudice Petitioner, as well.  *See* Section IV.B.1, *supra*. Second, the Court does not believe it is possible to lessen or avoid the prejudice to Respondent or Additional Petitioners given the summary nature of the issues here, involving only confirmation or vacatur of the Award.  Third, any judgment in favor of Respondent against Petitioner in the absence of Additional Petitioners, and thus for only 10% of the relief sought, would not be adequate.

As to the fourth factor, given that the time under the FAA to seek to vacate the Award has expired, *see* 9 U.S.C. § 12, and Petitioner has not indicated that other remedies were pursued, *see* Dkt. No. 1 at ¶ 77, the Court assumes this factor weighs in favor of proceeding without the Additional Petitioners.  However, given the FAA's "strong presumption in favor of enforcing an arbitration award," *Smarter Tools Inc. v. Chongqing SENCI Import & Export Trade Co., Ltd.*, 57

F.4th 372, 382 (2d Cir. 2023), and the fact that "the showing required to avoid confirmation is very high," *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011) (citation omitted), the Court finds that the potential unavailability of an adequate remedy for Petitioner in the event of dismissal, in this particular case, is entitled to less weight than it might otherwise be.  *See Badgerow*, 596 U.S. at 17–18 ("[W]e can see why Congress chose to place fewer arbitration disputes in federal court. . . . The statutory plan . . . makes Section 9 and 10 applications conform to the normal—and sensible—judicial division of labor: The applications go to state, rather than federal, courts when they raise claims between non-diverse parties involving state law.") (citation omitted).

For all these reasons, the Court finds that the Additional Petitioners are indispensable parties under Rule 19(b).  *Viacom,* 212 F.3d at 725.  Given the absence of jurisdiction other than diversity—and the lack of diversity after all indispensable parties are joined—the Court finds that it lacks subject matter jurisdiction to adjudicate the Motion to Vacate or the Motion to Confirm. *Washington Nat'l Ins.*, 958 F.3d at 134–35; *Hermès*, 867 F.3d at 324.  The Court further finds that leave to replead is not appropriate, because any amendment to address these jurisdictional defects would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Accordingly, both motions are dismissed pursuant to Rule 19(b).  *Accord Visión en Análisis y Estrategia, S.A. v. Andersen*, 662 F. App'x 29, 31–32 (2d Cir. 2016) (summary order) (denying challenge to district court's dismissal pursuant to Rule 19(b) for failure to join an indispensable party where joinder of the necessary party was not feasible due to jurisdictional reasons).

V.   **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that Additional Petitioners' motion to join, Dkt. No. 11, is **GRANTED**; to the

13

extent set forth in Section IV.B of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Petitioner's petition and motion to vacate, Dkt. Nos. 1–2, are **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that Respondent's petition and motion to confirm, Dkt. No. 13, are **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules and close the case.

**IT IS SO ORDERED.**

Dated: September 3, 2024
       Albany, New York

*Anne M. Nardacci*
U.S. District Judge